GLADNEY, Judge.
This suit is for the recovery of property damages in the sum of $217.13 as the result of a collision involving the automobile of plaintiff and that of John H. Tompkins, Jr., on the night of October 16, 1960. The accident took place in front of Murrell’s Grill, 540 East Kings Highway, in Shreveport, Louisiana. Following the trial on the merits judgment was rendered rejecting plaintiff’s demands and plaintiff has appealed.
On the above mentioned date at about 10:00 P.M., at which time it was raining, Mrs. Donalda Tresidder who was accompanied by Mrs. J. R. Trotter, drove into East Kings Highway west of the intersection of Youree and East Kings Highway, arriving through the “cut-off” which leads into East Kings Highway from Youree Drive. This point of entrance into East Kings Highway is approximately one-half a block east of Murrell’s Grill, which was Mrs. Tresidder’s destination. When the Tresidder car turned into East Kings Highway Tompkins was also proceeding west on East Kings Highway, having crossed the bridge from Bossier City.
Tompkins testified that when he first observed plaintiff’s automobile, he was traveling approximately thirty miles per hour and approached the Tresidder car from the rear; that he was in the outside or right lane of the two westbound traffic lanes *501 within a car’s length behind the Tresidder vehicle, which was in the inside or left lane for westbound traffic; that when the Tresidder car reached a point in front of the Grill it attempted to turn into the parking area directly across his lane of travel without giving any warning signal, and that he immediately slammed on his brakes and attempted to turn his vehicle to the right in order to miss the Tresidder car, but to no avail.
Both Mrs. Tresidder and Mrs. Trotter testified that upon entering East Kings Highway their car was driven close to the right-hand curb and that upon reaching the point in front of the Grill where they intended to turn, the car was brought to a stop and a blinker signal for a right turn was given, and that while in such a stopped position the car was struck by the Tompkins vehicle.
All witnesses agreed that the damaged portion of the Tresidder car was its right side in the proximity of the right door. Mrs. Tresidder testified that neither fender of her vehicle was damaged. The Tompkins automobile sustained damage to its left fender only.
The trial judge observed that the damage confined to the right side of plaintiff’s car could not have been inflicted in the manner testified to by Mrs. Tresidder and Mrs. Trotter “unless Tompkins could have come from the rear, run up on the driveway in front of Murrell’s Grill, cut back to his left, and then struck plaintiff’s automobile towards the front.” The conclusion of the court sustains the testimony of Tompkins which is to the effect that Mrs. Tresidder turned from the left traffic lane directly across the right traffic lane and was entering the apron in front of the Grill when her car was struck.
We agree with the finding of the trial judge. Had the accident occurred in the manner described by Mrs. Tresidder and Mrs. Trotter, the rear portion of their vehicle would have been damaged. Although the defendants charge that Tompkins was negligent in several respects, particularly including excessive speed, failure to maintain a proper lookout and in driving in a careless and reckless manner, none of these charges has been substantiated. It is unnecessary to pass upon the plea of contributory negligence. The trial court reached the conclusion that there was no negligence on the part of Tompkins and with this opinion we fully agree. Accordingly, the judgment from which appealed is affirmed at appellant’s cost.